## 30271. SMITH *v.* THE STATE.

Decided January 21, 1944.

*Joseph D. Quillian,* for plaintiff in error.

*Hope D. Stark, solicitor-general,* contra.

MacIntyre, J. 1. The defendant was found guilty of an assault and battery. Her motion for a new trial was overruled and she excepted. The court charged the jury in part as follows: "A party to whom opprobrious words or abusive language are used has the right, in law, to resent such opprobrious words or abusive language by an assault, or an assault and battery, properly proportioned to the language used. He has not the right, however, to repel or resent opprobrious words by an assault disproportioned and in excess of the opprobrious words. If he does so act by the use of an assault disproportioned to the opprobrious words or abusive language used and in excess thereof, he would be responsible for such excess. It is the contention of the State that the defendant in this case used opprobrious words to and of this prosecutrix and person alleged to have been assaulted, Mrs. Ethel Jackson, and the defendant denies this. What the truth of this issue is [is] entirely for the jury. Our law provides that parents and children may mutually protect and justify defense of the person of each other. Now, gentlemen, you may look to all the facts and circumstances in this case and see whether or not the prosecutrix, Mrs. Ethel Jackson, the person alleged to have been assaulted, was armed and was making or attempting to make an assault, or assault and battery upon the defendant, and then you look and see the nature and extent of the assault, or assault and battery, if any, made by the defendant upon the prosecutrix or person assaulted, and conform the one with the other; if you find there was such on the part of both, remembering that the defendant has the right to defend herself against an unlawful or unwarranted assault, or assault and battery, and also has the right to defend herself, if she honestly believed the prosecutrix or person assaulted was making or attempting to make an unwarranted or unlawful assault or assault and battery upon her."

The defendant contends that "her sole and only defense was that she did not touch the person she was alleged to have assaulted. She

did not urge any other defense, but the court charged only on justification in self-defense and in resentment of opprobrious words." The defendant introduced no evidence, but made a statement to the jury. Let us concede that the defendant, in her statement to the jury, stated that she had never touched the prosecutrix, and only urged this defense. What saith the charge? It stated that the defendant must be proved guilty of an assault and battery, as charged, beyond a reasonable doubt, before the jury would be authorized to convict. Thus, in effect, the charge said that if the jury believed that the defendant had never touched the prosecutrix, they should acquit the defendant. Nowhere in the charge do we find that the court stated that the defendant contended that she was justified, or that she struck the prosecutrix in self-defense. Thus there was no misstatement by the court of the defendant's contentions. The court, however, did charge the jury the rule of law as it related "to the right of resentment of opprobrious words." There being evidence by the State that the defendant used opprobrious words to and of the person alleged to have been assaulted, and that this started the affray in which the defendant, the woman alleged to have been assaulted, and her daughter were engaged, and in which each was assaulted. Thus there was evidence that the contention of the State, as it related to the rule of "the right of resentment of opprobrious words," was supported by one phase of the State's evidence. And it was not error, for the reason urged, for the court to charge that "a party to whom opprobrious words or abusive language are used has the right, in law, to resent such opprobrious words, or abusive language, by an assault, or an assault and battery, properly proportioned to the language used. He has not the right, however, to repel or resent opprobrious words by an assault disproportioned and in excess of the opprobrious words. If he does so act by the use of an assault disproportioned to the opprobrious words or abusive language used and in excess thereof, he would be responsible for such excess." *Price* v. *State,* 118 *Ga.* 60 (supra).

2. The other special grounds of the motion not specifically dealt with show no ground for the grant of a new trial.

3. The evidence authorized the verdict.

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*